# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID THOMPSON,

                Plaintiff,

v.

DR. DARROW STEVENS, SGT. RETZLAFF, OFFICER MOORE, C.O. ZETECH, C.O. KAZIK, and LT. BRECHBUELLER,

                Defendants.

Case No. 20-CV-917-JPS

**ORDER**

Plaintiff David Thompson, an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and for expedited screening, as well as screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 11, 2020, the Court allowed Plaintiff to pay an initial partial filing fee of $2.67 from his release account. (Docket #11). Plaintiff

paid that fee on September 18, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #3). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2.  **SCREENING THE COMPLAINT**[1]

    2.1  **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

---

[1] Given the Court's screening of Plaintiff's complaint herein, his motion for expedited screening, (Docket #12), will be denied as moot.

Page 2 of 7
Case 2:20-cv-00917-JPS   Filed 06/11/21   Page 2 of 7   Document 14

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on April 27, 2020, he used the emergency intercom button in his cell and verbally notified Defendants Officer Moore, C.O. Zetech, and C.O. Kazik that he was suicidal. (Docket #1 at 2). Those Defendants apparently made snide and sarcastic remarks to Plaintiff and ignored his statement that he was suicidal. (*Id.*) Plaintiff acted upon his suicidal feelings and cut his arm, causing him to bleed severely. (*Id.*) Sometime later, Defendants Sgt. Retzlaff, Dr. Darrow Stevens, and Lt. Brechbueller refused to put Plaintiff on observation (suicide watch) status. (*Id.*) According to Plaintiff, Dr. Stevens told the other Defendants that she was not going to intervene. (*Id.*) Dr. Stevens' statement made Plaintiff even more depressed and he continued to cut himself. (*Id.*) Plaintiff alleges that none of the Defendants did anything to stop or intervene when they saw him cutting himself. (*Id.*) Additionally, Plaintiff alleges that Dr. Stevens did not put him on observation status because she dislikes him and has told

Page 3 of 7
Case 2:20-cv-00917-JPS   Filed 06/11/21   Page 3 of 7   Document 14

him that she was sick of him and couldn't care less if he committed suicide. (*Id.*) Plaintiff has scars on his arm from the incident. (*Id.*)

### 2.3 Analysis

Plaintiff's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Plaintiff may proceed against Defendants for their deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Claims for deliberate indifference to an inmate's suicide risk are legion in federal courts, and so extensive case law has developed to interpret them. The basic formulation of the claim involves an objective and a subjective component. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). First, Plaintiff must show that the harm (or potential harm) was objectively sufficiently serious and a substantial risk to his health. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "It goes without saying that 'suicide is a serious harm.'" *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

Second, Plaintiff must establish that Defendants displayed deliberate indifference to his risk of suicide. *Collins*, 462 F.3d at 761; *Sanville*, 266 F.3d at 733. This, in turn, requires a dual showing that Defendants (1) subjectively knew that Plaintiff was at substantial risk of committing suicide and (2) were deliberately indifferent to that risk. *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003). Plaintiff's allegations, viewed generously, can support each showing. From those allegations, the Court can infer that Defendants knew about Plaintiff's cutting activity and could have stopped it, but they chose to do nothing.

3.  **CONCLUSION**

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical needs on April 27, 2020, in violation of the Eighth Amendment, by all Defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for expedited screening (Docket #12) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Dr. Darrow Stevens, Sgt. Retzlaff, Officer Moore, C.O. Zetech, C.O. Kazik, and Lt. Brechbueller;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $347.33 balance

Page 5 of 7
Case 2:20-cv-00917-JPS   Filed 06/11/21   Page 5 of 7   Document 14

3.  **CONCLUSION**

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical needs on April 27, 2020, in violation of the Eighth Amendment, by all Defendants.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for expedited screening (Docket #12) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Dr. Darrow Stevens, Sgt. Retzlaff, Officer Moore, C.O. Zetech, C.O. Kazik, and Lt. Brechbueller;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $347.33 balance

of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Page 6 of 7
Case 2:20-cv-00917-JPS   Filed 06/11/21   Page 6 of 7   Document 14

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge